UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT CARTER,<br><br>        Plaintiff,<br><br>v.<br><br>SCOTT RUSSELL et al.<br><br>        Defendants. | CASE NO. C11-5484-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>NOVEMBER 25, 2011 |

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Defendants Scott Russell and Eldon Vail ask the Court to dismiss them for failure to state a claim, lack of personal participation (ECF No. 12). They also ask that the Court stay discovery (ECF No. 12). The Court recommends that both motions be GRANTED. These are the only two persons that plaintiff names by name in the complaint (ECF No. 7).

Other defendants are "John or Jane Does", who have not been identified or served, and are not before the Court.

## FACTS

This action involves a "John or Jane Doe Corrections Officer" who allegedly did not allow plaintiff to attend Friday Muslim prayer service, "Jumah", on one occasion. This allegedly happened while plaintiff was housed at the Washington State Correction Center (ECF No. 7). Plaintiff is now housed at the Washington State Penitentiary.

Mr. Russell is the Superintendent at the Washington State Correction Center and Mr. Vail is the former Secretary of the Department of Corrections. Plaintiff does not allege that either defendant played any direct role in the decision not to allow him to attend Jumah (ECF No. 7).

## DISCUSSION

1. Motion to dismiss.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) provides that a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 544, 545 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 545. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that: (l) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). Pursuant to 28 U.S.C. § 1915(e), the court must dismiss an in forma pauperis complaint when said complaint is

frivolous or fails to state a claim. Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*citing* Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).

A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of a supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). Thus, the theory of *respondeat superior* is not sufficient to state a claim under § 1983. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

Personal participation is connected to causation. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff must allege facts showing how defendant caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege that the defendant's own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989).

Plaintiff fails to allege how any conduct of defendants Vail or Russell caused the claim. He alleges that an unidentified John or Jane Doe would not let him go to Jumah. This claim does not implicate the two named defendants.

Plaintiff seeks injunctive relief and asks the Court to assume that these two defendants personally participated in these decisions (ECF No. 13). These allegations are not factually plausible. Mr. Russell was the Superintendent at the Washington State Correction Center, but it does not appear to have had any direct involvement in this alleged act. Further, Mr. Vail, as the former the Secretary of the Department of Corrections was even further removed from these alleged events. Finally, to seek injunctive relief the threat of injury must be real and immediate. A past event does not give standing to seek injunctive relief. Nelsen v. King County, 895 F.2d 1248, 1250-51 (9th Cir. 1990).

The Court recommends that the motion to dismiss these two defendants be GRANTED.

2. Stay of Discovery.

As defendants note, the Court has wide discretion to stay discovery while a dispositive motion is pending. The standard of review is abuse of discretion. Rae v. Union Bank, 725 F.2d 478, 481 (1984 9th Cir.). Here, because no named defendant played any role in the alleged deprivation, stay of discovery is appropriate. The court recommends the motion to stay discovery be GRANTED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 25, 2011, as noted in the caption.

Dated this 2nd day of November, 2011.

J. Richard Creatura
United States Magistrate Judge