UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT CARTER,

    Plaintiff,

v.

JOHN AND JANE DOE,

    Defendant.

CASE NO. C11-5484-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR : MARCH 9, 2012

This civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. The only two remaining defendants are John and Jane Does, who have not been identified or served.

This action was commenced June 11, 2011. Plaintiff had 120 days to identify and serve these two defendants. Fed. R. Civ. P. 4 (m) provides that if service of a summons and complaint is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). The standard of review is abuse of discretion, which indicates that the court has discretion in deciding if dismissal is proper. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir. 1985).

The Ninth Circuit has stated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal if "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).

The Court has no indication that either of these unnamed and unserved defendants are aware of this action. The case is not moving forward and nothing has been filed since the entry of the order adopting the Report and Recommendation nearly three months ago.

The Court recommends the remaining two defendants be dismissed without prejudice and that this action be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 9, 2012, as noted in the caption.

Dated this 16th day of February, 2012.

J. Richard Creatura
United States Magistrate Judge